UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME SCHMIDT, DEBRA KNOWLES, ELIZABETH SAMPSON, and RYAN HENRIOULLE,<br><br>Plaintiffs,<br><br>v.<br><br>SHASTA COUNTY MARSHAL'S OFFICE and JOEL DEAN,<br><br>Defendants. | No. 2:14-cv-02471-MCE-CMK<br><br>**MEMORANDUM AND ORDER** |

In this action, Plaintiffs—three former and one current employee of Defendant Shasta County Marshal's Office ("SCMO")—brought several claims against the SCMO based on alleged sexual discrimination they suffered while working there. On February 21, 2017, the Court granted Defendants' Motion for Summary Judgment, ECF No. 48, based mainly on Plaintiffs' failure to demonstrate that the harassment they received was because of sex. Before the Court now is Plaintiffs' Motion for Reconsideration of that order, ECF No. 51, in which Plaintiffs claim this Court committed clear error. For the following reasons, Plaintiffs' Motion is DENIED IN PART and GRANTED IN PART. The Motion is denied except with regard to Plaintiff Jamie Schmidt's retaliation claim.

///

1

**BACKGROUND**

Plaintiffs Jaime Schmidt, Elizabeth Sampson, and Ryan Henrioulle are former employees of the SCMO, while Plaintiff Debra Knowles is a current employee. Schmidt, Sampson, and Knowles all claim to have been harassed by their boss, Defendant Joel Dean, once he was promoted to sergeant. All three brought claims against Defendants based on a hostile work environment theory, as well as claims of retaliation. Plaintiff Henrioulle brought only a retaliation claim, alleging that he had been terminated in retaliation for standing up for Schmidt, Sampson, and Knowles.

On August 25, 2016, Defendants moved for summary judgment, ECF No. 25, arguing that the undisputed evidence showed that the claims made against them were meritless. Plaintiffs sought and received leave for an extension of time to file an opposition to that motion, filing an opposition on October 6, 2016, and an amended opposition the next day. See ECF Nos. 32, 34, 36, 39–40. The Court ultimately granted Defendant's motion for summary judgment on all claims on February 21, 2017. ECF No. 48. The Court found that Plaintiffs failed to demonstrate that the harassment they suffered was because of sex. Mem. & Order, at 10. The Court noted that Plaintiffs "fail[ed] to . . . provide a legal theory to support a finding that the harassment was because Plaintiffs are women." Id. at 14. Instead, Plaintiffs' opposition consisted mainly of a recitation of facts. Accordingly, the Court analyzed Plaintiffs' claims according to two theories that fit best with those facts, but found the evidence provided was insufficient as a matter of law to establish that Plaintiffs suffered harassment "because of sex." See id. at 11–15. The Court also granted summary judgment on Plaintiffs' retaliation claims on the basis that they failed to show Defendants violated Title VII. Id. at 15.

///

///

///

2

# STANDARD

A motion for reconsideration is properly brought pursuant to either Federal Rule of Civil Procedure 59(e) or Rule 60(b). Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989). A motion for reconsideration is treated as a Rule 59(e) motion if filed within twenty-eight days of entry of judgment, but as a Rule 60(b) motion if filed more than twenty-eight days after judgment. See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898–99 (9th Cir. 2001). Plaintiffs here bring a timely Rule 59(e) motion.

A court should be loath to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)). Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

While Rule 59(e) permits a district court to reconsider and amend a previous order, "the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). Indeed, a district court should not grant a motion for reconsideration "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citing Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)). Mere dissatisfaction with the court's order, or belief that the court is

///

wrong in its decision, is not grounds for relief under Rule 59(e). Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Additionally, Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Finally, motions for relief from judgment pursuant to Rule 59(e) are addressed to the sound discretion of the district court. Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

In order to succeed, a party making a motion for reconsideration pursuant to Rule 59(e) must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Pritchen v. McEwen, No. 1:10-cv-02008-JLT HC, 2011 WL 2115647, at *1 (E.D. Cal. May 27, 2011) (citing Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987)). A motion for reconsideration should not be used to raise arguments or present evidence for the first time when the arguments or evidence could reasonably have been raised earlier in the litigation. 389 Orange St. Partners, 179 F.3d at 665.

Furthermore, "courts avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also Taylor, 871 F.2d at 805. This position stems from the district courts' "concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009. Rule 59(e) and motions for reconsideration are therefore not intended to "give an unhappy litigant one additional chance to sway the judge." Frito-Lay of P.R., Inc. v. Canas, 92 F.R.D. 384, 390 (D.P.R. 1981) (quoting Durkin v. Taylor, 444 F. Supp. 226, 233 (N.D. Ohio 1967)).

///

4

**ANALYSIS**

Plaintiffs claim that the Court committed clear error in four ways: (1) "failing to consider the special rules regarding [s]ummary [j]udgment [m]otions of employment cases"; (2) "considering only gender-specific conduct directed towards Plaintiffs themselves"; (3) "h[olding] that only that conduct which is sex[-] or gender-specific may be considered in determining whether there was a hostile work environment"; (4) and "holding that an employee's opposition is not protected activity unless the conduct opposed is actually unlawful under Title VII." Mot. for Recons., at 1–2. The Court addresses each in turn.

### A. "Special Rules" for Summary Judgment in Employment Cases

Plaintiffs initially claim "special rules" apply in summary judgment motions in employment cases. See Mot. for Recons., at 2–3. In support, Plaintiffs rely mainly on a California Court of Appeals case, Nazir v. United Airlines, Inc., 178 Cal. App. 4th 243 (2009). Plaintiffs point to the following language in Nazir to demonstrate the existence of these "special rules": "[M]any employment cases present issues of intent, and motive, and hostile working environment, issues not determinable on paper. Such cases, we caution, are rarely appropriate for disposition on summary judgment, however liberalized it be." Id. at 286. The Court fails to see how a California court that "cautions" against courts granting summary judgment too readily in employment cases establishes "special rules" for such cases in federal court. Nor does the Ninth Circuit authority cited establish "special rules." For example, in Nigro v. Sears, Roebuck & Co., 784 F.3d 495 (9th Cir. 2015), the Ninth Circuit only noted "that it should not take much for plaintiff in a discrimination case to overcome a summary judgment motion," id. at 499.

Plaintiffs have accordingly failed to show that any "special rules" regarding motions for summary judgment in employment cases apply, much less that this Court committed clear error in not considering them. As noted above, and discussed more thoroughly below, Plaintiffs wholly failed to present any legal theory that the harassment

5

described in their motion and evidence was because of sex.  To avoid a defendant's motion for summary judgment, a plaintiff must do more than present a recitation of facts to defeat it; he or she must also provide a cognizable legal theory that makes that evidence relevant and demonstrates that his or her claim is viable.

**B.     Failure to Consider All Gender-Based Conduct**

Plaintiffs next contend that the Court committed clear error when it "considered only gender[-]specific conduct directed to Plaintiffs themselves."  Mot. for Recons., at 3.  In support of their argument, Plaintiffs cite several cases for the first time.  Of all the cases cited in this section of Plaintiffs' motion, only one case—Pantoja v. Anton, 198 Cal. App. 4th 87 (2011)—was cited in Plaintiffs' opposition to Defendants' Motion for Summary Judgment.  In connection with those cases, Plaintiffs provide in their Motion for Reconsideration, also for the first time, a legal theory supporting their contention that they suffered harassment because of sex.[1]  They now argue that evidence of general hostility on the part of Dean evinces a gender-based motive for harassing Plaintiffs, that is, that evidence of general hostility toward women would allow a reasonable jury to infer that Dean was hostile toward them because they were women.  However, "[a] motion for reconsideration is not a proper mechanism for presenting new legal theories that the movant failed to raise with respect to the underlying motion for summary judgment." Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1154 (D. Haw. 2003) (citing Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003)).

---

[1] The challenged Memorandum and Order noted that "[t]he closest Plaintiffs c[a]me to proposing a legal theory under which the harassment was because of sex" was their citation to Birschtein v. New United Motor Mfg., Inc., 92 Cal. App. 4th 994 (2001). Mem. & Order, at 14 n.2.  In Plaintiffs' Opposition, they quoted the following from that case: "[I]t is 'only necessary to show that gender is a substantial factor in the discrimination and that if the plaintiff "had been a man she would not have been treated in the same manner."'" Id. at 1001 (citation omitted).  The Court found this attempt insufficient to demonstrate a cognizable legal theory, noting "that case concerned the sufficiency of pleading a hostile work environment sexual harassment suit and thus is of limited value."  Mem. & Order, at 14 n.2.  Plaintiffs now quibble with the Court's characterization of Birschtein: "The Court appears to have made an error both of fact and law. . . . [T]he Bir[s]ch[]tein case was an appeal from a [s]ummary [j]udgment, not a [d]emurrer." Quoting in full the sentence in Birschtein Plaintiffs relied on should clear up the Court's analysis of that case: "To plead a cause of action for this type of sexual harassment, it is 'only necessary to show that gender is a substantial factor in the discrimination and that if the plaintiff "had been a man she would not have been treated in the same manner."'" 92 Cal. App. 4th at 1001.

6

Plaintiffs fail to explain why they did not present this legal theory or the cases they cite in support of their opposition to Defendants' Motion for Summary Judgment. In the absence of a legal theory, the Court applied those that most aligned with the facts related in Plaintiffs' Opposition. Plaintiffs' Opposition relied heavily on the incidents the Court found to be "reasonably characterized as sex- or gender-specific," Mem. & Order, at 11, and made continual allegations that Plaintiffs were treated differently than men, see, e.g., Pls.' Am. Opp'n to Defs.' Mot. for Summ. J., ECF No. 40, at 38 ("Regarding Schmidt, there were several delays in getting her breaks[;] it was not the same with men."). Accordingly, the Court analyzed two ways that a plaintiff can demonstrate discrimination because of sex: (1) via "[s]ex- or gender-specific content," and (2) by presenting "direct comparative evidence about how the alleged harasser treated members of both sexes." Mem. & Order, at 11 (quoting Equal Emp't Opportunity Comm'n v. Nat'l Educ. Ass'n, Alaska, 422 F.3d 840, 844 (9th Cir. 2005)). Even though applying these theories was more than the Court was required to do in addressing Plaintiffs' Opposition, see Williams v. Eastside Lumberyard & Supply Co., 190 F. Supp. 2d 1104, 1114 (S.D. Ill. 2001) ("A plaintiff's recital of the facts of the case triggers no duty on the part of the judge to research, construct, and further research the best legal arguments he can for that fact-reciting party."), Plaintiffs fault the Court for not doing more.

Because a motion for reconsideration is not the time to espouse legal theories for the first time, Plaintiffs have failed to show that reconsideration of their hostile work environment claims is warranted.

**C.      Considering Only Sex- or Gender-Specific Conduct in Determining Pervasiveness of Harassment**

Plaintiffs next contend the Court committed clear error when it considered only sex- or gender-specific conduct in determining whether the harassment Plaintiffs suffered was sufficiently pervasive to support a Title VII sexual harassment claim. Mot. for Recons., at 3. Plaintiffs' argument, however, suffers the same flaw as their second

claim of clear error—it is premised on a legal theory that was not presented to the Court until Plaintiffs filed their Motion for Reconsideration. In determining whether the harassment Plaintiffs suffered was sufficiently severe or pervasive, the Court considered only the sex- or gender-specific conduct because it was analyzing Plaintiffs' claims under the theory that the harassment was because of sex- or gender-specific conduct. See Mem. & Order, at 12–13; Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 ("Whatever evidentiary route the plaintiff chooses to follow, he or she must always prove that the conduct at issue was not merely tinged with offensive sexual connotations . . . ."). In other words, because Plaintiffs failed to provide a legal theory under which the non-sexual or non-gendered conduct could be considered a basis for sexual harassment, it was not clear error for the Court to disregard it.

### D. Retaliation for Opposing Sexual Harassment

Finally, Plaintiffs challenge the Court's determination that a retaliation claim under Title VII requires that "Defendants engaged in [a] practice made unlawful by Title VII." Mem. & Order, at 15. Plaintiffs now provide authority that retaliation claims require only that an employee have "a 'reasonable belief' that the employment practice she protested was prohibited under Title VII." Trent v. Valley Elec. Ass'n, 41 F.3d 524, 526 (9th Cir. 1994). Thus, the Court relied on an erroneous statement of the law in entering summary judgment on Plaintiffs' retaliation claims. Despite Plaintiffs presenting this authority for the first time on reconsideration—in fact, Plaintiffs' Opposition to the Motion for Summary Judgment did not address retaliation at all—the Court is compelled to examine it in light of reconsideration's objective to prevent clear error, as the authority now cited goes directly to the legal merits of Plaintiffs' retaliation claims.[2] See Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989).

---

[2] The Court notes that even in their Motion for Reconsideration, Plaintiffs fail to cite evidence in support of their retaliation claims and only conclusorily states that "all four Plaintiffs opposed the disparate and hostile treatment of women." Mot. for Recons., at 16. Though the Court is "neither required to hunt down arguments plaintiffs keep camouflaged, nor required to address perfunctory and undeveloped arguments," Williams, 190 F. Supp. 2d at 1114 (citations omitted), the Court here applies the corrected statement of retaliation law in light of the facts presented in relation to the original summary judgment motion.

Each of the four Plaintiffs has provided evidence that he or she opposed Dean's practices at the SCMO.  However, a retaliation claim also requires that a plaintiff "alerted his [or her] employer to his [or her] belief that discrimination, not merely unfair personnel treatment, had occurred." Lewis v. City of Fresno, 834 F. Supp. 2d 990, 1002 (E.D. Cal. 2011); see also Hittle v. City of Stockton, No. 2:12-cv-00766-TLN-KJN, 2016 WL 1267703, at *6 (E.D. Cal. Mar. 31, 2016).  Plaintiffs Schmidt, Sampson, and Knowles all submitted internal complaints about Dean's behavior.  Stmt. of Undisputed Material Facts ("SUMF"), ECF No. 25-2, ¶ 27.  However, Sampson and Knowles only complained of general harassment.  See Decl. of Melissa Fowler-Bradley, Ex. H, ECF No. 27-8 (reporting of "harassment/retaliation conduct" by Knowles); Decl. of Melissa Fowler-Bradley, Ex. O, ECF No. 27-15 (reporting of "ongoing and pervasive harassment, intimidation and favoritism in the workplace as well as retaliation against myself by Sergeant Dean" by Sampson).

Conversely, Schmidt provided evidence that she reported "sexual harassment conducted by Sergeant Joel Dean." Decl. of Melissa Fowler-Bradley, Ex. G, ECF No. 27-7.  She also provided evidence that she reasonably believed she suffered sexual harassment when Dean twice repeated a sexual comment made to Schmidt by her field training officer when the training officer asked her to have sex with him at their workplace.  See Dep. of Jamie Schmidt, ECF No. 26-19, at 193 ("Q.  Okay.  Why did you describe that conduct as sexual harassment?  A.  Because it is sexual, and I believe it is harassment.").  Furthermore, Plaintiffs have provided evidence that the harassment they suffered increased as a result of their internal complaints.  For example, Henrioulle testified that after Dean was cleared of wrongdoing, Dean stated that "[i]t's [my] turn to get them." Dep. of Ryan Henrioulle, ECF No. 38-7, at 19.

For these reasons, Plaintiffs' Motion for Reconsideration is GRANTED as to Schmidt's retaliation claims. Cf. Westendorf v. W. Coast Contractors of Nev., Inc., 712 F.3d 417, 423–24 (9th Cir. 2013) (affirming summary judgment in favor of the

///

9

defendant on the plaintiff's sexual harassment claim, but reversing and remanding on the plaintiff's retaliation claim).

**CONCLUSION**

As described above, Plaintiffs' Motion for Reconsideration, ECF No. 51, is GRANTED IN PART and DENIED IN PART. It is granted as to the Schmidt's retaliation claims, but denied as to the remainder of Plaintiffs' claims.

IT IS SO ORDERED.

Dated: June 16, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE