UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAIME SCHMIDT, DEBRA KNOWLES, ELIZABETH SAMPSON, and RYAN HENRIOULLE,

Plaintiffs,

v.

SHASTA COUNTY MARSHAL'S OFFICE and JOEL DEAN,

Defendants.

No. 2:14-cv-02471-MCE-CMK

**MEMORANDUM AND ORDER**

In this action, Plaintiffs—three former and one current employee of Defendant Shasta County Marshal's Office ("SCMO")—brought several claims against the SCMO based on alleged sexual discrimination they suffered while working there. On February 21, 2017, the Court granted Defendants' Motion for Summary Judgment, ECF No. 48, based mainly on Plaintiffs' failure to demonstrate that the harassment they received was based on sex. Plaintiffs then filed a Motion for Reconsideration of the summary judgment order, ECF No. 51, in which Plaintiffs claimed the Court committed clear error. That motion was denied in part and granted in part, allowing one Plaintiff's retaliation claims to proceed. Defendants now bring a Motion for Reconsideration of that order. ECF No. 64. For the reasons that follow, that motion is DENIED.[1]

---

[1] Because oral argument would not have been of material assistance, the Court ordered this

1

## BACKGROUND

Plaintiffs Jaime Schmidt, Elizabeth Sampson, and Ryan Henrioulle are former employees of the SCMO, while Plaintiff Debra Knowles is a current employee. Schmidt, Sampson, and Knowles all claim to have been harassed by their boss, Defendant Joel Dean, once he was promoted to sergeant. All three brought claims against Defendants based on a hostile work environment theory, as well as claims of retaliation. Plaintiff Henrioulle brought only a retaliation claim, alleging that he had been terminated in retaliation for standing up for Schmidt, Sampson, and Knowles.

On August 25, 2016, Defendants moved for summary judgment, ECF No. 25, arguing that the undisputed evidence showed that the claims made against them were meritless. Plaintiffs sought and received leave for an extension of time to file an opposition to that motion, filing an opposition on October 6, 2016, and an amended opposition the next day. See ECF Nos. 32, 34, 36, 39–40. The Court ultimately granted Defendant's motion for summary judgment on all claims on February 21, 2017. ECF No. 48. The Court found that Plaintiffs failed to demonstrate that the harassment they suffered was because of sex. Feb. 21, 2017 Mem. & Order, ECF No. 48, at 10. The Court noted that Plaintiffs "fail[ed] to . . . provide a legal theory to support a finding that the harassment was because Plaintiffs are women." Id. at 14. Instead, Plaintiffs' opposition consisted mainly of a recitation of facts. Accordingly, the Court analyzed Plaintiffs' claims according to two theories that fit best with those facts, but found the evidence provided was insufficient as a matter of law to establish that Plaintiffs suffered harassment "because of sex." See id. at 11–15. The Court also granted summary judgment on Plaintiffs' retaliation claims on the basis that they failed to show Defendants violated Title VII. Id. at 15.

Plaintiffs then filed a Motion for Reconsideration, contending the Court committed clear error in analyzing their claims. The Court granted the motion in part, agreeing that

matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

| | |
|---|---|
| 1 | it applied the wrong standard to Plaintiff's retaliation claims.  June 20, 2017 Mem. & |
| 2 | Order, ECF No. 62, at 8–9.  However, the undisputed facts demonstrated that only |
| 3 | Schmidt's retaliation claims could survive summary judgment, so the Motion for |
| 4 | Reconsideration was granted only as to those claims.  Id. at 9. |
| 5 | |
| 6 | **STANDARD** |
| 7 | |
| 8 | A motion for reconsideration is properly brought pursuant to either Federal Rule of |
| 9 | Civil Procedure 59(e) or Rule 60(b).  Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989). |
| 10 | A motion for reconsideration is treated as a Rule 59(e) motion if filed within twenty-eight |
| 11 | days of entry of judgment, but as a Rule 60(b) motion if filed more than twenty-eight |
| 12 | days after judgment.  See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., |
| 13 | 248 F.3d 892, 898–99 (9th Cir. 2001).  Plaintiffs here bring a timely Rule 59(e) motion. |
| 14 | A court should be loath to revisit its own decisions unless extraordinary |
| 15 | circumstances show that its prior decision was clearly erroneous or would work a |
| 16 | manifest injustice.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 |
| 17 | (1988).  This principle is embodied in the law of the case doctrine, under which "a court |
| 18 | is generally precluded from reconsidering an issue that has already been decided by the |
| 19 | same court, or a higher court in the identical case."  United States v. Alexander, |
| 20 | 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. |
| 21 | 1993)).  Nonetheless, in certain limited circumstances, a court has discretion to |
| 22 | reconsider its prior decisions. |
| 23 | While Rule 59(e) permits a district court to reconsider and amend a previous |
| 24 | order, "the rule offers an 'extraordinary remedy, to be used sparingly in the interests of |
| 25 | finality and conservation of judicial resources.'"  Kona Enters., Inc. v. Estate of Bishop, |
| 26 | 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., Moore's |
| 27 | Federal Practice § 59.30[4] (3d ed. 2000)).  Indeed, a district court should not grant a |
| 28 | motion for reconsideration "absent highly unusual circumstances, unless the district court |

is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citing Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief under Rule 59(e). Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Additionally, Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Finally, motions for relief from judgment pursuant to Rule 59(e) are addressed to the sound discretion of the district court. Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

In order to succeed, a party making a motion for reconsideration pursuant to Rule 59(e) must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Pritchen v. McEwen, No. 1:10-cv-02008-JLT HC, 2011 WL 2115647, at *1 (E.D. Cal. May 27, 2011) (citing Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987)). A motion for reconsideration should not be used to raise arguments or present evidence for the first time when the arguments or evidence could reasonably have been raised earlier in the litigation. 389 Orange St. Partners, 179 F.3d at 665.

Furthermore, "courts avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also Taylor, 871 F.2d at 805. This position stems from the district courts' "concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009. Rule 59(e) and motions for reconsideration are

4

therefore not intended to "give an unhappy litigant one additional chance to sway the judge." Frito-Lay of P.R., Inc. v. Canas, 92 F.R.D. 384, 390 (D.P.R. 1981) (quoting Durkin v. Taylor, 444 F. Supp. 226, 233 (N.D. Ohio 1967)).

**ANALYSIS**

Defendants claim that the Court committed clear error in two ways: (1) focusing only on the first element of a prima facie retaliation claim and failing to "consider whether Schmidt proffered sufficient evidence to show the two other elements of a prima facie case of retaliation"; and (2) failing to "assess whether she could show Defendant[s'] legitimate, non-retaliatory reasons for the various personnel actions with which she takes issue were pretext for retaliation." Mot. for Recons., at 2. Neither of these arguments, however, demonstrates that the Court committed any clear error that would serve a basis for reconsideration.

First, Defendants are incorrect in stating that the Court failed to consider all three elements of a prima facie retaliation claim. "The elements of a prima facie retaliation claim are, (1) the employee engaged in a protected activity, (2) an employee suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action." Davis v. Team Elec. Co., 520 F.3d 1080, 1093–94 (citing Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1064 (9th Cir. 2002)). In order to show that the employee engaged in a protected activity, the plaintiff must show only that she had "a 'reasonable belief' that the employment practice she protested was prohibited under Title VII." Trent v. Valley Elec. Ass'n, 41 F.3d 524, 526 (9th Cir. 1994). It was this prong that the Court focused on in addressing Plaintiffs' Motion for Reconsideration. See June 20, 2017 Mem. & Order, ECF No. 62, at 8–9.

The Court, however, also noted that "Plaintiffs have provided evidence that the harassment they suffered increased as a result of their internal complaints." Id. at 9. This clearly addressed the "adverse employment action" prong—"the harassment they

suffered increased"—and the "causal link" prong—"as a result of their internal complaints." Though the order did not go into extensive detail, it did provide an example of the evidence the Court relied upon: "For example, Henrioulle testified that after Dean was cleared of wrongdoing, Dean stated that '[i]t's [my] turn to get them." Id. (alterations in original).

To show an adverse employment action, the plaintiff must only show "adverse treatment that is . . . reasonably likely to deter the charging party or others from engaging in protected activity." Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 61 (2006). Plaintiffs provided evidence that, after internal investigation spurred by their complaints was completed, Schmidt was subject to increased scrutiny, e.g., Dep. of Becky Baldwin Bassett, ECF No. 37-5, at 18:8–19:2, 83:20–84:1; Decl. of Joanna Bland, ECF No. 37-4, ¶ 11; Dep. of Debra Hubbard, ECF No. 38-9, at 12:6–17; Dep. of Chris Reagan, ECF No. 37-2, at 51:12–17, she was denied the chance given to others to follow the judge in his or her courtroom when the judge moved departments, Dep. of Jaime Schmidt, ECF No. 38-3, at 223:19–25, 227:4–11, 228:2–20, and Defendants made it acceptable for other employees to openly disparage her, id. at 270:20–271:11; Dep. of Chris Reagan, at 146:7–20; 167:5–9. This evidence creates a genuine issue as to whether Defendants' treatment of Schmidt would be reasonably likely to deter future internal complaints.

Defendants contend that increased scrutiny is not sufficiently adverse as a matter of law to support a retaliation claim. See Mot. for Recons., at 8–10. Defendants cite, for example, Mendoza v. Kindred Healthcare Operating, Inc., No. 11-cv-00666-YGR, 2012 WL 2055007 (N.D. Cal. June 5, 2012), in which the court found that "stop[ping] speaking to Plaintiff and plac[ing] him under close scrutiny" was insufficient to fulfill the adverse action prong of a retaliation claim, id. at *12. However, the conduct at issue there was of a different character than in the instant case. There, "Plaintiff . . . identified two times where [his boss] questioned his [work], and generally assert[ed] [two supervisors] watched him." Id. Here, Schmidt has provided evidence that she was

1 placed under increased scrutiny with an aim to "get" her. Defendants provide no
2 authority that undermines the Court's conclusion that evidence of increased scrutiny
3 coupled with evidence of an intent to remove the employee in question is sufficient to
4 survive summary judgment such that it could be considered the kind of clear error
5 required for reconsideration.

6 Defendants also contend that Dean's statement that "[i]t's [my] turn to get them" is
7 insufficient to establish causation. Once again, though, Defendants provide no authority
8 that demonstrates it was clear error to find such evidence created a genuine issue as to
9 causation. Defendants' argument that it was a "stray remark" that "is entitled to virtually
10 no weight," Mot. for Recons., at 13 (quoting Horn v. Cushman & Wakefield W., Inc.,
11 72 Cal. App. 4th 798, 809–10 (1999)), is unavailing. Dean's statement was not a "stray
12 remark," but a statement of his intent in direct response to the resolution of Schmidt's
13 internal complaint. Nor do the cases Defendants cite support their claim that such
14 remarks cannot "be imputed to . . . any other person." Mot. for Recons., at 14. The
15 cases Defendants cite concern whether a subordinate's statements can be impugned to
16 a decision-maker. See, e.g., Vasquez v. County of Los Angeles, 349 F.3d 634, 640–41
17 (9th Cir. 2003). Here, Dean was the relevant decision-maker. Accordingly, Defendants
18 have not shown it was clear error to find a genuine issue existed as to causation.

19 Finally, the Court turns to Defendants' claim that the Court failed to "assess
20 whether [Schmidt] could show Defendant[s'] legitimate, non-retaliatory reasons for the
21 various personnel actions with which she takes issue were pretext for retaliation." Mot.
22 for Recons., at 2. Defendants have only provided an alternate motive for one of the
23 actions identified above—not allowing Schmidt to stay with the judge in her courtroom
24 when the judge transferred to the family law department. And not only has Schmidt
25 provided evidence that the preferred reason was pretextual, see Jaime Schmidt, at
26 227:4–11, 228:2–20 (indicating that others' granted requests were not materially
27 different than Schmidt's), but the clearly stated intent of Dean to "get" Schmidt in
28 ///

response to her internal complaint creates a genuine issue as to whether virtually any adverse action taken following the complaint was motivated by the complaint itself.

**CONCLUSION**

As set forth above, Defendants have not demonstrated that the Court committed clear error in assessing that genuine issues exist concerning the material facts underpinning Schmidt's retaliation claim. Thus, Defendant's Motion for Reconsideration, ECF No. 64, is DENIED.

IT IS SO ORDERED.

Dated: September 12, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE