ANTHONY J. POIDMORE (SBN 51346)
apoidmore@justice4you.com
CLAYEO C. ARNOLD, A PROFESSIONAL LAW CORPORATION
865 Howe Avenue
Sacramento, California 95825
Telephone: (916) 924-3100
Facsimile: (916) 924-1829

Attorney for Plaintiff
JAIME SCHMIDT

TIMOTHY G. YEUNG (SBN 186170)
tyeung@sloansakai.com
STEVE CIKES (SBN 235413)
scikes@sloansakai.com
SLOAN SAKAI YEUNG & WONG LLP
555 Capitol Mall, Suite 600
Sacramento, California 95814
Telephone: (916) 258-8800
Facsimile: (916) 258-8801

Attorneys for Defendant
SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SHASTA (erroneously sued herein as
SHASTA COUNTY MARSHAL'S OFFICE)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME SCHMIDT, DEBRA KNOWLES, ELIZABETH SAMPSON, AND RYAN HENRIOULLE,<br><br>Plaintiffs,<br><br>v.<br><br>SHASTA COUNTY MARSHAL'S OFFICE AND JOEL DEAN,<br><br>Defendants. | Case No. 2:14-CV-02471-MCE-CMK<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING PRIVILEGED AND CONFIDENTIAL INFORMATION**<br><br>Date: January 10, 2019<br>Time: 2:00 p.m.<br>Courtroom: 7<br>Judge: Hon. Morrison C. England, Jr.<br><br>Complaint Filed: October 21, 2014<br>Trial Date: February 25, 2019 |

Pursuant to Local Rule 140(b), Defendant Superior Court of California, County of Shasta ("Defendant" or "Superior Court") and Plaintiff Jaime Schmidt ("Plaintiff" or "Schmidt") (collectively, the "Parties") hereby stipulate and agree as follows:

1. A trial on Plaintiff's ninth and tenth causes of action against Defendant for retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and California's Fair Employment and Housing Act ("FEHA") is scheduled to commence on February 25, 2019.

2. Depending on the scope of the allegations presented at trial (as will be determined by the Court's rulings on the parties' concurrently-filed motions *in limine*), the Parties may need to present evidence (including exhibits) containing confidential personnel information with regard to non-party employees subject to state and federal rights to privacy (hereinafter, "Confidential Personnel Information").

3. Such Confidential Personnel Information may include records taken from the personnel files of non-party employees who have not waived or otherwise elected to forego any claimed right of privacy to said information as well as documents reflecting or relating to internal complaints lodged by or against non-party employees as well as Defendant's investigation into said complaints.

4. Accordingly, the Parties agree and request permission to redact from exhibits offered at trial qualifying as or containing such Confidential Personnel Information any identifying information with regard to non-party employees, including the employee's name, date of birth, employee number or other similar identifying information. In the event the Court so orders, the Parties will also lodge unredacted copies of said exhibits under seal.

5. There is good cause and particularized need for the protective order proposed herein. The privacy rights of non-party employees would likely be harmed if documents (including documents from their personnel files) were left without any protection and presented to the jury for consideration. Consequently, courts regularly and frequently limit the disclosure of such highly confidential and sensitive personnel information. *See, e.g., Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 365 (6th Cir. 1999) (affirming district court's decision to limit access of defendant's employees because "personnel files might contain highly personal information such as an individual's unlisted address and telephone number, marital status, wage information, medical background, credit history (such as requests for

-2-
STIPULATION AND PROTECTIVE ORDER REGARDING PRIVILEGED AND CONFIDENTIAL INFORMATION; Case No. 2:14-CV-02471-MCE-CMK

garnishment of wages), and other work-related problems unrelated to plaintiff's claims"); *Grinzi v. Barnes*, 2004 WL 2370639, at *3 (N.D. Cal. Oct. 20, 2004) ("The proper mechanism for an employer to use to protect an employee's privacy interests in his personnel file is to obtain, either by stipulation or motion, a properly crafted protective order").

**IT IS SO STIPULATED.**

Respectfully submitted,

Dated:  December 13, 2018          CLAYEO C. ARNOLD, A PROFESSIONAL LAW
                                                          CORPORATION

                                                 By: _____/s/_____
                                                        Anthony J. Poidmore
                                                   Attorney for Plaintiff Jaime Schmidt

Dated:  December 13, 2018          SLOAN SAKAI YEUNG & WONG LLP

                                                 By: _____/s/_____
                                                           Steve Cikes
                                          Attorney for Defendant Superior Court of California,
                                                        County of Shasta

**PROTECTIVE ORDER**

Per the Parties' stipulation, and good cause appearing therefor, it is hereby ordered that the Parties are permitted to redact from exhibits offered at trial qualifying as or containing Confidential Personnel Information any identifying information with regard to non-party employees, including the employee's name, date of birth, employee number or other similar identifying information.  In the event the Court so orders, the Parties will also lodge unredacted copies of said exhibits under seal.

IT IS SO ORDERED.

Dated:  December 30, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

STIPULATION AND PROTECTIVE ORDER REGARDING PRIVILEGED AND CONFIDENTIAL INFORMATION; Case No. 2:14-CV-02471-MCE-CMK