UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME SCHMIDT, et al., | No. 2:14-cv-02471-MCE-DMC |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| SHASTA COUNTY MARSHAL'S OFFICE and JOEL DEAN, | |
| Defendants. | |

In this action, four former employees of Defendant Shasta County Marshal's Office ("Defendant" or the "County") brought several claims against the County based on alleged sexual discrimination they suffered while working there. On February 21, 2017, the Court granted Defendant's Motion for Summary Judgment, ECF No. 48, based mainly on the Plaintiffs' failure to demonstrate that the harassment they received was because of gender. Subsequently, the Court granted in part Plaintiffs' Motion for Reconsideration, ECF No. 51, after which Plaintiff Jaime Schmidt's ("Plaintiff") retaliation claims against the County under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and California's Fair Employment and Housing Act ("FEHA") were permitted to proceed.

Trial resulted in a unanimous jury verdict in favor of Plaintiff and an award of $632,000. Presently before the Court are the parties' post-trial motions. For the reasons

1

that follow, Defendant's Motion for Judgment as a Matter of Law ("JMOL"), ECF No. 155, is DENIED, Plaintiff's requests for an award of fees and costs, ECF Nos. 151-52, are GRANTED in part and DENIED in part, and Plaintiff's Motion to Submit Declaration, ECF No. 164, is GRANTED.[1]

**ANALYSIS**[2]

**A.     Judgment as a Matter of Law**

According to the County, it is entitled to JMOL because: (1) "Plaintiff failed to show that she was subjected to any materially adverse employment action or that any of the alleged retaliatory acts were causally connected to activity protected under Title VII or FEHA"; and (2) Plaintiff's argument that she was subjected to a constructive discharge under the same statutes fails because she "did not show that she was subjected to any intolerable working conditions at the time of her resignation." County's Mot. at 1. These arguments are unpersuasive.

A JMOL is proper when "the evidence permits only one reasonable conclusion and the conclusion is contrary to that reached by the jury." Lakeside-Scott v. Multnomah County, 556 F.3d 797, 802 (9th Cir. 2009) (internal quotation marks and citation omitted); White v. Ford Motor Co., 312 F.3d 998, 1010 (9th Cir. 2002). To justify relief through a JMOL, there must be a "complete absence of probative facts to support the conclusion reached so that no reasonable juror could have found for the nonmoving party." Eich v. Board of Regents for Central Missouri State Univ., 350 F.3d 752, 761 (8th Cir. 2003) (quotation marks and citations omitted). While the Court should review

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

[2] Given this Court's disproportionately high case load and decreasing number of judges, and in the interest of conserving judicial resources and expediting a decision in this case, the Court will not recount details with which the parties are intimately familiar, nor will it recite the background facts. To be clear, the Court has considered all evidence and arguments in the record, but it limits its written decision to only that which is necessary to resolve the parties' instant arguments.

2

the evidence comprising the record, it should "not make credibility determinations or weigh the evidence" and further should construe all evidence in the light most favoring the nonmoving party. Reeves v. Sanderson Plumbing Co., 530 U.S. 133, 150-51 (2000); see also E.E.O.C. v. Go Daddy Software, 581 F.3d 951, 961 (9th Cir. 2009). In assessing a motion for JMOL, then, the jury's verdict is entitled to substantial deference. A.D. v. Calif. Highway Patrol, 712 F.3d 446, 453 (9th Cir. 2013). The jury's verdict must be upheld if there is sufficient evidence to support its findings, even where contrary findings are possible. Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1242 (9th Cir. 2014). Because it is a renewal of a pre-verdict Rule 50(a) motion, a post-verdict Rule 50(b) motion is limited to the grounds asserted in the Rule 50(a) motion. E.E.O.C., 581 F.3d at 961. A party cannot properly raise arguments in its renewed motion for JMOL that it did not raise in its Rule 50(a) motion. Id.

The County's Motion for JMOL fails because there was more than sufficient evidence from which the jury could find in Plaintiff's favor. Given the fact that resolution of this case largely hinged on credibility determinations that the jury resolved against the County and inferences the jury was required to make from the evidence, and because this Court cannot discount those determinations, it cannot conclude that the evidence permits only a contrary conclusion. Moreover, the County's attempt to parse out individual conduct and personnel actions as too inconsequential or legally insignificant to merit recovery ignores the collective nature of Plaintiff's allegations and the evidence offered at trial. Based on the evidence as a whole, it was more than reasonable for the jury to find retaliation leading to constructive termination. This case is not appropriate for JMOL, and Defendant's request to that effect is DENIED.

**B.    Attorneys' Fees**

Plaintiff seeks, pursuant to 42 U.S.C. § 2000e-5(k) and California Government Code § 12965(b), to recover $995,293.33 in fees, subject to a multiplier of 1.5, plus an

estimated $12,000 Plaintiff anticipated incurring to litigate the instant Motion.[3]  As the prevailing party, Plaintiff is entitled to recover her reasonable fees.  See 42 U.S.C. § 2000e-5(k), 1988; see also Cal. Gov. Code § 12965(b).[4]

"A reasonable fee is that which is 'sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case.'" K.M. ex rel. Bright v. Tustin Unified Sch. Dist., 78 F. Supp. 3d 1289, 1297 (C.D. Cal. 2015) (quoting Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010)).  The Court calculates the amount of attorney's fees by calculating a "lodestar" and "multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate." McCown v. City of Fontana Fire Dep't, 565 F.3d 1097, 1102 (9th Cir. 2009).  The appropriate number of hours includes all time "reasonably expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." Hensley v. Eckerhart, 461 U.S. 424, 461 (1983).  However, in calculating the lodestar, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" McCown, 565 F.3d at 1102 (quoting Hensley, 461 U.S. at 434).  Although district judges "need not, and indeed should not, become green-eyeshade accountants," Fox v. Vice, 563 U.S. 826, 838 (2011), the court should provide some indication of how it arrived at its conclusions, see Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008) ("When the district court makes its award, it must explain how it came up with the amount.").

As a general rule, in determining the lodestar figure, "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." Moreno, 534 F.3d at 1112.  However, the party seeking an award of

---

[3] The fee-shifting statutes in 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k) are identical and analysis under case law applicable to either statute is appropriate.  See Hensley v. Eckerhart, 461 U.S. 424 (1983); Hannahan v. Hampton, 446 U.S. 754, 758, n.4, (1980).

[4] The Court has considered and rejects Defendant's argument that Plaintiff is not a prevailing party. The fact that other claims and plaintiffs were dismissed via dispositive motions does not change this conclusion.  Instead, a unanimous panel weighed the evidence, found in Plaintiff's favor and awarded her hundreds of thousands of dollars.  Plaintiff prevailed for the Court's purposes.

4

attorney's fees bears the burden of producing documentary evidence demonstrating "the number of hours spent, and how it determined the hourly rate(s) requested." McCown, 565 F.3d at 1102. Then the burden shifts to the opposing party to submit evidence "challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Ruff v. County of Kings, 700 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010).

Because the lodestar figure is presumptively reasonable, "a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high." Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (citations omitted).

Defendant opposes Plaintiff's fee request on grounds that the fee award must be reduced: (1) for double billing; (2) for time spent on the dismissed plaintiffs; and (3) where excessive. The County also challenges the hourly rates utilized by Plaintiff and Plaintiff's request for a multiplier. With a few exceptions, the Court declines to reduce the amount of hours expended because Plaintiff has adequately explained the reasonableness of those billings. The Court nonetheless concludes that the rates sought are too high for the local jurisdiction and that no multiplier is appropriate.

**1.   Reasonable hours**

As for the reasonable hours expended, the Court finds the bulk of Plaintiff's counsels' work to be reasonable. The parties' arguments are addressed in turn.

First, the parties are in agreement that Plaintiff inadvertently included duplicative billing entries in its initial Motion. Accordingly, the Court has stricken the following hours from Plaintiff's request: 4.2 hours for Mr. Poidmore drafting the complaint on July 8, 2014; 8.5 hours for Mr. Watson attending the deposition of Elizabeth Sampson on February 17, 2016; and 9.1 hours for Mr. Poidmore attending trial on August 6, 2019.

///

Second, Defendant contends that Plaintiff's request should be reduced for efforts expended on the three dismissed plaintiffs. Plaintiff already reduced her requested fees by 34%, however, for the period where multiple plaintiffs were pursuing claims in this action, so she is claiming only 66% of the costs incurred prior to the other plaintiffs' termination through summary judgment. Defendant contends this reduction is insufficient and Plaintiff should actually have reduced her bills by 75%. While the Court understands Defendant's argument, it finds Plaintiff's request is nonetheless appropriate because, as she argues, "[t]he case necessarily involved interview of witnesses, deposition taking, reviewing workplace policies, developing an understanding of the interactions and personalities of the many people in the workplace, understanding the customs and practices of the workplace, and so on." Pl.'s Reply at 7. "Since this work had to be done for Ms. Schmidt, regardless of the other clients, the work was plainly inextricably intertwined with Ms. Schmidt's case and should be compensated in the fee award." Id.[5]

Finally, Defendant contends numerous of counsel's billing entries are simply excessive. More specifically, according to Defendant:

> The following are examples contained in Plaintiff's billing log where Mr. Poidmore billed an unreasonably high number of hours for a single task: (1) between October 18, 2013, and November 1, 2013, Mr. Poidmore billed a total of 26.9 hours for reviewing and summarizing his investigator's material and report; (2) between July 7, 2014, and October 21, 2014, Mr. Poidmore billed a total of 57.76 hours for preparing the complaint; (3) between September 4, 2015, and September 11, 2015, Mr. Poidmore billed a total of 15.96 hours for preparing initial disclosures; (4) between April 20, 2016, and April 24, 2016, Mr. Poidmore billed a total of 28 hours for preparing for Joel Dean's deposition; (5) between May 13, 2016, and May 20, 2016, Mr. Poidmore billed a total of between 23 and 34 hours (the exact amount is uncertain due to block billing) for preparing the Settlement Conference Statement; (6) between September 1, 2016, and September 6, 2016, Mr. Poidmore billed a total of 5.8 hours just for reviewing Defendant's motion for summary judgment; (7) between September 9, 2016, and October 7, 2016, Mr. Poidmore followed this up by billing an additional **174.9 hours** in

---
[5] The Court also declines to further pro-rate the hours through resolution of the motion for reconsideration and concludes Plaintiff's reduction is reasonable.

6

connection with opposing Defendant's motion for summary judgment (including eight consecutive days where Mr. Poidmore billed over 11 hours per day, of which on **four consecutive days he billed over 15 hours per day**, with the highest daily entry being 18.6 hours); (8) between March 4, 2017, and April 4, 2017, Mr. Poidmore billed a total of 78.6 hours for preparing his motion for reconsideration; (9) between April 7, 2017, and April 12, 2017, Mr. Poidmore billed an additional 36.3 hours for preparing the reply to his motion for reconsideration; (10) between July 19, 2017, and August 10, 2017, Mr. Poidmore billed a total of **93.8 hours** opposing Defendant's motion for reconsideration; and (11) between December 3, 2018, and December 13, 2018, Mr. Poidmore billed a total of 52.8 hours preparing the Final Pretrial Conference Statement.

Def.'s Opp. at 7-8. Again, the Court understands that, parsed out, the number of hours expended sound large, but it also agrees with Plaintiff that diligence should not be conflated with excessive work. It is no surprise that counsel worked around the clock to oppose summary judgment or expended substantial hours to craft initial disclosures, settlement statements and final pretrial conference statements. Moreover, for many of these entries, the hours cited by Defendant were already discounted by 34% in Plaintiff's final fee request. At base, the Court concludes that the hours incurred fall within the reasonable range and it will "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." Moreno, 534 F.3d at 1112.

**2. Reasonable Rates**

Next, the parties dispute what rates are reasonable in this district given Plaintiff's counsels' respective experience. Plaintiff seeks to recover $750 for Mr. Poidmore and $450 for Mr. Watson, and between $310 and $375 for other attorneys on the case. Based on its review of the case law, Defendant asks the Court to find the following more reasonable instead: $475 for Mr. Poidmore; $325 for Mr. Watson; $250 for all other associates; and $120 for paralegals and law clerks. However, even Defendant's rates are slightly higher than rates this Court very recently determined were reasonable in a § 1983 excessive force case that involved similarly experienced counsel. See Lam v. City of Los Banos, Case No. 2:15-cv-00531-MCE-KJN, 2019 WL 2103407, *3 (E.D. Cal. 2019). Accordingly, despite Defendant's concession as to the rates, the Court

nonetheless determines the rates awarded in Lam are more appropriate here. It thus calculates the lodestar utilizing the following rates: $400 for Mr. Poidmore; $280 for Mr. Watson and Mr. Vandal, $175 for all other associates and $100 for paralegals and law clerks.[6]

### 3. Multiplier

The Court does not find, however, that this is a rare case where a multiplier is appropriate. In making this finding, the Court has considered the following factors to the extent they were not included in the above lodestar calculation:

> …the novelty and difficulty of the issues involved in a case, the skill required to litigate those issues, the preclusion of other employment, the customary fee, relevant time constraints, the amount at stake and the results obtained, the experience, reputation, and ability of the attorneys, the nature and length of their professional relationship with the client, the "undesirability" of a case, and awards in similar suits.

Davis v. City and County of San Francisco, 976 F.2d 1536, 1546 (9th Cir. 1992). On balance, no multiplier is warranted. Although this litigation was hard-fought and fact intensive, it did not present any particularly novel or difficult issues. Given the lack of unusual circumstances, there is no reason to depart from the presumptively reasonable lodestar fee; this is simply not a "rare" or "exceptional" case for fees purposes justifying resort to a multiplier. Plaintiff's request for a multiplier is thus denied. After making all of the above adjustments to hours and billing rates, the Court hereby awards Plaintiff $531,335.77 plus the $12,000.00 anticipated to prosecute the instant motion for a total of fee award of $543,335.77.

### C. Bill of Costs[7]

Finally, Plaintiff seeks to recover $78,966.53 in costs, which includes fees for the Clerk, for service of summons and subpoena, for transcripts necessarily obtained for use in the case, for witnesses, and for copies. It also includes $48,678.20 for expert fees. After briefing, the parties agree that the following adjustments should be made:

---

[6] The Court also finds the $200 contract rate for attorney Mark Rispoli to be reasonable.

[7] Plaintiff's unopposed Motion to Submit Declaration (ECF No. 164) is GRANTED.

- The $505 filing fee claimed in conjunction with the filing of the Motion for Reconsideration is stricken.
- Service of witness subpoenas will be compensated at $65 each for a total of $650. Along with the $39.95 for service on Defendant, the total for this line item is reduced to $689.95.[8]
- The cost of daily transcripts ($2,806.35) and the claim for editing deposition video ($225) shall also be removed.
- Miscellaneous costs of $1,274.70 identified by Defendant should be removed as well.

As for Defendant's remaining objections, the Court declines to reduce on a pro-rata basis the remaining $18,844.69 Plaintiff seeks for procuring transcripts and videos of depositions prior to briefing on summary judgment. According to Defendant, this cost should be reduced by 75% to account for costs attributable to the three dismissed plaintiffs. As indicated above, given the interrelated nature of the parties' claims, in conjunction with Defendant's failure to offer any evidence to the contrary, the Court finds that all of those costs are recoverable. The Court also finds that Plaintiff's request for $3,540.64 in witness fees is supported by the record, including the most recent Declaration of Counsel submitted on September 12, 2019, ECF No. 164-1. Accordingly, those costs will be taxed.

Defendant's last objection is to Plaintiff's request for expert fees. Defendant argues that this request should be reduced by $48,638.20 because Plaintiff is only permitted to recover costs incurred for court appointed experts under 28 U.S.C. § 1920. Section 1920 provides for the taxing of costs, in pertinent part, for the "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." Under Defendant's theory, then, Plaintiff is limited to regular witness fees of $40 per day, or a total of $80.

///

---

[8] The Court also deducted $39.95 for service of co-Defendant Joel Dean, who is no longer a party to this action.

9

Plaintiff, however, is explicitly permitted to recover expert fees under the relevant substantive statutes. See 42 U.S.C. § 2000e-5(k) ("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee (including expert fees) as part of the costs . . . ."); Cal. Gov. Code § 12965(b) ("In civil actions brought under this section, the court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs, including expert witness fees . . . ."). Because Plaintiff is entitled to the recovery of expert fees, these costs will be taxed as well.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Judgment as a Matter of Law (ECF No. 155) is DENIED, Plaintiff's Motion for Attorneys' Fees (ECF No. 152) is GRANTED in part and DENIED in part, Plaintiff's Motion to Submit Declaration (ECF No. 164) is GRANTED, and costs are taxed in favor of Plaintiff and against Defendant in the amount of $72,620.53.

IT IS SO ORDERED.

Dated: March 10, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE